IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD LEE BAIR,

    Petitioner,                    No. CIV S-07-2356 MCE DAD P

    vs.

CLAUDE FINN, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 11, 2008, the undersigned ordered respondent to file and serve a response to the petition. On June 30, 2008, respondent moved to dismiss the petition on the grounds that it fails to state a cognizable claim for federal habeas relief and is untimely. Petitioner has filed an opposition to respondent's motion to dismiss. Respondent has not filed a reply.

**BACKGROUND**

        On October 19, 2007, petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California. On November 2, 2007, the Northern District transferred the case to this court where venue was proper.

1

In the petition it is claimed that the Board of Parole Hearings ("Board") has delayed petitioner's parole hearings and effectively added nineteen months to his sentence. Specifically, petitioner claims that the Board scheduled his initial parole hearing for August 1999. However, the hearing did not take place until April 2000. Similarly, petitioner claims that the Board scheduled his first subsequent parole hearing for April 2003. However, that hearing did not take place until July 2003. Finally, petitioner claims that the Board scheduled his second subsequent hearing for July 2006. However, the hearing did not take place until March 2007. According to petitioner's calculation, the Board's delays have added nineteen months to his sentence in violation of his rights under the Due Process Clause. (Pet. at 5 & Ex. A.)

**RESPONDENT'S MOTION TO DISMISS**

Respondent has moved to dismiss the petition, arguing that petitioner's claims are based on alleged violations of state law for which he is not entitled to federal habeas relief. Specifically, respondent observes that petitioner is claiming that the delays in holding his parole hearings should be added together and applied so as to advance the date he is to appear before the Board for his third subsequent parole hearing. Respondent contends that petitioner's claims amount to nothing more than an alleged violation of state law. (Resp't's Mot. to Dismiss at 4.)

Respondent also argues that petitioner's claims pertaining to his April 2000 and July 2003 parole hearings are barred by the applicable statute of limitations. Specifically, respondent argues that any possible claims stemming from these hearings were obvious to petitioner at the time of the hearings. Thus, absent any applicable tolling he had one year thereafter, until April 2001 and July 2003 respectively, to bring any federal claims related to these parole hearings. Petitioner did not initiate any challenge to the hearing delays in the state courts until May 2007. By that time, the statute of limitations had expired. (Resp't's Mot. to Dismiss at 6.)

Finally, respondent argues that petitioner's allegations do not establish standing and are too vague and conclusory to challenge his March 2007 parole hearing. Specifically,

2

respondent argues that petitioner has not alleged any facts or set forth any evidence to support a challenge to the March 2007 parole hearing. (Resp't's Mot. to Dismiss at 5-6.)

**PETITIONER'S OPPOSITION**

In opposition to respondent's motion to dismiss, petitioner argues that he has a federal liberty interest in parole and in timely parole hearings. He argues that, because the Board denied him parole three times for three years, his next parole hearing should have been scheduled for August 2008, which is nine years after his initial parole hearing was scheduled. Petitioner's next parole hearing, however, is not scheduled to take place until March 2010, ten years and seven months after his initial parole hearing was scheduled. Petitioner contends that he has been prejudiced by the delay in his parole hearings and asks this court to schedule his next hearing according to the Board's denials not including its delays. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-5.)

**ANALYSIS**

I. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the

interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377 (1972).

II. Discussion

In this case, petitioner does not challenge a specific Board of Parole Hearings' decision to deny him parole.  Rather, petitioner claims that the Board's delays in his parole hearings violate his rights under the Due Process Clause.  However, petitioner cites no authority in support of his claim and has failed to demonstrate that any delays in his parole hearings violated his rights under the United States Constitution.  See Candray v. Hartley, No. CIV F-08-1860 SMS HC, 2009 WL 55016 *1 (E.D. Cal. Jan. 8, 2009) (dismissing petitioner's claims regarding parole board's alleged failure to provide him with timely parole hearings because due process does not require accordance with the specific time periods provided for by state law and the prisoner had failed to establish prejudice resulting from any delay); Wyatt v. Sisto, No. CIV S-07-0636 GHK(E), 2008 WL 2620356 *3 (C.D. Cal. June 30, 2008) (eight-month delay in the holding of a parole hearing does not merit federal habeas relief because he did not establish prejudice).  Cf. Johnson v. Papaarozzi, 219 F. Supp. 2d 635, 652 (D.N.J 2002) (dismissing § 1983 claim regarding parole board's late hearings and decisions because "due process 'does not include receiving a parole hearing in exact accordance with the specific time period required by [state regulations].'"); Winfield v. Schwarzenegger, No. CIV S-07-1076 LKK GGH P, 2008 WL 662958 *1 (E.D. Cal. Mar. 7, 2008) (dismissing § 1983 action because two-week delay in parole hearing does not violate due process).  But see Cook v. Sisto, No. CIV S-07-0387 LKK GGH P, 2008 WL 72845 *1 (E.D. Cal. Jan. 4, 2008) (finding that petitioner may state a colorable procedural due process claim for Board's failure to provide him with written basis for extending the date of his suitability hearings).

/////

Moreover, to the extent that petitioner has stated a cognizable habeas claim, the denial of a timely parole proceeding is not a per se violation of due process. To show an untimely parole hearing violated due process, petitioner must show that the delays were unreasonable and prejudicial. Federal courts grant habeas relief for delay where the petitioner demonstrates that the delay was unreasonable and prejudicial. Hopper v. U.S. Parole Commission, 702 F.2d 842, 847 (9th Cir. 1983); Meador v. Knowles, 990 F.2d 503, 506 (9th Cir. 1993) (parole commission's delay in holding parole revocation hearing violates due process if it is unreasonable and prejudicial). Here, the delays in conducting petitioner's parole hearings, while certainly not ideal, were reasonable in their purpose. For example, the Board explained to petitioner that it postponed his May 2003 parole hearing because of a Board member's illness and then scheduled petitioner's hearing on the next available calendar date of July 25, 2003. In addition, the Board postponed petitioner's October 2006 hearing because it appears it was awaiting petitioner's psychological report. Again, in that instance the Board scheduled petitioner's hearing on the next available calendar date of March 30, 2007. (Pet. Ex. B.)

More importantly, petitioner has not shown that any of the alleged delay in conducting his parole hearings prejudiced him. For example, petitioner does not contend, and the record does not show, that any delay influenced the Board's decisions to deny him parole. Nor did any of the alleged delays affect the Board's ability to consider material evidence. Finally, at each of petitioner's parole hearings, the Board has denied him parole. Accordingly, the court concludes that respondent's motion to dismiss should be granted, and petitioner's federal petition for a writ of habeas corpus should be dismissed.[1]

/////

/////

---

[1] In light of the court's recommendations that respondent's motion to dismiss be granted, the court need not address respondent's alternative arguments regarding the timeliness of the petitioner's federal petition.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. Respondent's June 30, 2008 motion to dismiss (Doc. No. 9.) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bair2356.157